## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE MONTE, | CASE NO: |
| Plaintiff, | |
| vs. | |
| | TRIAL BY JURY DEMANDED |
| BRISTOL MYERS SQUIBB CO. | |
| Defendant. | |

### VERIFIED COMPLAINT

"Although COVID–19 is a risk that occurs in many workplaces, it is not an occupational hazard in most. COVID–19 can and does spread at home, in schools, during sporting events, and everywhere else that people gather. That kind of universal risk is no different from the day-to-day dangers that all face from crime, air pollution, or any number of communicable diseases." *National Federation of Independent Business v. Department of Labor, Occupational Safety and Health Administration*, 595 U.S. ___ (2022).

1.  This action is against a multi-national corporation which, according to its official position, "view[s] diversity in the broadest sense - including age, ethnicity, race, culture, gender, gender identity and expression, sexual orientation, abilities and disabilities, *religion*, socioeconomic background, veteran status, thinking styles, and life experiences,

among other differences." Emphasis added. **See Exhibit A - BMS diversity statement**.

2. Said corporation not only violated its own policy as it relates to diversity and religion, but also violated Title VII, 42 U.S.C. § 2000e *et seq.* due to its blatant disregard for the Plaintiff's sincerely-held religious beliefs and the U.S. Constitution.

## JURISDICTIONAL STATEMENT

3. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 2201. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Michelle Monte (hereafter "Plaintiff" or "Monte") held the job title of Sterility Assurance and Aseptic Process Monitor at Bristol Myers Squibb Co. in New Jersey from February 2008 until her unlawful termination in December 2021. She resides in Pennsylvania.

5. Defendant Bristol Myers Squibb Co. (hereafter "BMS" or "Defendant") is a multinational Delaware corporation with its corporate headquarters located in New York, New York.

## BACKGROUND AND FACTUAL ALLEGATIONS

6. Plaintiff began her employment at BMS on February 19, 2008. Her primary duties in 2021 were, *inter alia*, maintaining chemical inventories and mitigation of hazardous and non-hazardous materials.

7. From around May 2020 until December 2021, BMS required all employees to wear masks, social distance and take weekly COVID-19 tests in response to the pandemic. Plaintiff worked in an office with seven total employees half of her time, and in a laboratory with one or two other employees the other half of her work time.

8. BMS Chief Executive Officer and Chairman, Dr. Giovanni Caforio, publicly announced on September 7, 2021 that all BMS employees must "be fully vaccinated against COVID-19 by November 1, 2021." **See Exhibit B - BMS CEO mandate**. However, BMS had warned all employees via email of the forthcoming mandate in July 2021. BMS stated that "for cause termination" would be the penalty for refusing the COVID-19 vaccines.

9. Plaintiff submitted a request for a religious exemption from the COVID-19 vaccines, complete with a letter from Pastor J.D. Farag of Calvary Chapel, due to her sincerely-held Christian beliefs on September 23, 2021. **See Exhibit C - Religious Exemption Request**. Plaintiff had been attending church services online due to closures of physical churches since March 2020. The reasons for her religious exemption request included, *inter alia*, the fact that all of the COVID-19 vaccines were derived from research and development that utilized aborted fetal cells. **See Exhibits D and E - Science magazine article**

**and University of Nebraska Medicine article (re: aborted fetal cells R&D)**.

10. Plaintiff requested to continue the same protocols that all employees had followed since June 2020 as a reasonable accommodation for her exemption - weekly testing and wearing masks. Plaintiff's workspace was already "socially distanced" due to the nature of her work long before the pandemic.

11. Plaintiff received an email from Human Resources representative Sangita Land on October 1, 2021, with 16 invasive follow-up questions for BMS to make its arbitrary, predetermined decision as to whether or not the Plaintiff's religious beliefs are sincerely-held.

12. Plaintiff reluctantly answered the invasive questions on October 5, 2021. **See Exhibit F - Sangita Land October 1, 2021 email and Monte October 5, 2021 response**.

13. Rebecca Vallellanes, another BMS HR representative, emailed Joseph Esposito, the Plaintiff's immediate supervisor, on October 19, 2021. The email had the subject "Undue Burden Analysis," and contained seven assessment questions as to whether or not a religious accommodation for the Plaintiff would cause an undue burden on the company.

14. All of Esposito's answers affirmed that approving the religious accommodation would cause no undue burdens in his department.

Among other things, Esposito confirmed that all employee desks are 6 feet apart, that most of the Plaintiff's work is solo and away from other workers, and that the Plaintiff never comes in contact with customers, patients or anyone else. **See Exhibit G - Vallellanes and Esposito email exchange.**

15. Despite the Plaintiff stating her sincerely-held Christian beliefs, and her immediate supervisor confirming that there would be no undue hardship by approving the religious exemption and accommodations, BMS denied the religious exemption request on November 2, 2021.

16. The denial letter, from Human Resources Vice President Claudia Pezzina, among other things, stated that "most Christian leaders" love the vaccines and that the Plaintiff should as well. Pezzina also fallaciously stated that aborted fetal cells were not used in the R&D stages of developing the COVID-19 vaccines, despite said information being widely-disseminate public knowledge. Pezzina further stated, despite Esposito's declarations to the contrary, that accommodating the Plaintiff's religious exemption request would cause undue hardship on BMS, despite the Plaintiff agreeing to continue all of the same protocols used by BMS to mitigate COVID-19 from May 2020 to December 2021.

17. Pezzina stated that the Plaintiff would be terminated from BMS on December 6, 2021 if she did not receive the COVID-19 injections. **See Exhibit H - Religious accommodation denial**.

18. Plaintiff, despite also presenting proof of natural immunity to COVID-19 (**See Exhibit K - Antibody test results**), was terminated from her position on December 6, 2021. Plaintiff originally commenced a claim with the Equal Employment Opportunity Commission ("EEOC") in New Jersey (where she physically worked at BMS) on November 8, 2021 (Charge # 524-2022-00207). But due to the New Jersey EEOC backlog, making it impossible for the Plaintiff to schedule hearing times, she filed with the Pennsylvania EEOC on March 7, 2022. **See Exhibit I - EEOC Charging Document.**

19. The EEOC decided to do nothing related to the Plaintiff's case, and issued a right-to-sue letter on February 14, 2023. **See Exhibit J - Right to Sue letter**. Thus the deadline for filing this complaint is May 14, 2023. But since May 14, 2023 is on a Sunday, the statute of limitation expires after the following business day, Monday, May 15, 2023. See Fed. R. Civ. P. 26(a)(3)(B).

**<u>COUNT ONE - Violation of Title VII (Religious Discrimination)</u>**

20. Plaintiff hereby incorporates Paragraphs 1 to 19 as though set forth fully herein.

21. Title VII requires U.S. employers to provide reasonable accommodations to workers who request exemptions from workplace policies based on sincerely-held religious beliefs.

22. Upon information and belief, BMS denied all religious accommodations with a very similar letter that the Plaintiff received.

23. BMS created a farcical, predetermined process to deny the Plaintiff's request for a religious accommodation by repeating a fallacious talking point about the COVID-19 vaccines not being derived from aborted fetal cells. The Defendant also belittled and mocked the Plaintiff for worshiping online due to physical church closures.

24. BMS denied the Plaintiff's religious exemption request simply because it does not agree with and cannot comprehend the Plaintiff's sincerely-held religious beliefs.

25. BMS deemed the Plaintiff "an essential worker" and provided workplace accommodations to mitigate COVID-19 from June 2020 to December 2021 (wearing masks, weekly testing, etc.). The Plaintiff's immediate supervisor stated that these same accommodations could be continued in lieu of the vaccines, and create no undue hardship in their department. But BMS categorically, arbitrarily and capriciously denied these very reasonable accommodation requests.

26. BMS' denial of the Plaintiff's request for religious accommodations, the stated reasons and subsequent termination of employment violated Title VII.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays this Honorable Court grants relief as follows:

A. Compensatory damages, back pay, lost wages and interest.

B. All costs related to commencing this action, including, but not limited to, filing fees, service fees, printing fees, etc.

C. All such other relief under Title VII.

D. All other relief that this Court deems fair and equitable.

Respectfully submitted on this _____12_____ day of May, 2023.

Michelle Monte
2683 Peggy Street
Easton, PA 18045-2172
mmwdhm@msn.com
610-533-1088
Pro Se Plaintiff

## <u>VERIFICATION OF MICHELLE MONTE</u>

I, Michelle Monte, hereby affirm under oath that all allegations in this complaint are true and accurate to the best of my knowledge.

_____
Michelle Monte

Subscribed and sworn to before me, this _____12th_____ day of May, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Grace E. Maragulia. Notary Public
Northampton County
My commission expires January 29. 2025
Commission number 1101749
Member, Pennsylvania Association of Notaries

# **EXHIBITS LIST**

Exhibit A - BMS diversity

Exhibit B - CMS CEO mandate

Exhibit C - Religious Exemption Request

Exhibit D - Science magazine June 2020 (aborted fetal cells)

Exhibit E - Nebraska Medicine (aborted fetal cells)

Exhibit F - Land email and Monte response

Exhibit G - Vallellanes and Esposito exchange

Exhibit H - Religious accommodation denial

Exhibit I - EEOC form

Exhibit J - Right to Sue letter