UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MONTE,

               Plaintiff,

-against-

BRISTOL MYERS SQUIBB CO.,

               Defendants.

23-CV-4222 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, invoking Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. She sues Bristol Myers Squibb Company ("Bristol Myers") for employment discrimination. She claims that she was denied a religious accommodation at her workplace when Bristol Myers denied her request to be exempted from its Covid-19 mandatory vaccine policy. This action took place at Bristol Myers' New Brunswick and Princeton, New Jersey, locations.

Plaintiff paid the filing fees, in the incorrect amount of $404.00,[1] to initiate this action. For the following reasons, the Court transfers the action to the United States District Court for the District of New Jersey and directs the Clerk of Court to return to Plaintiff the $404.00 payment.

## DISCUSSION

A civil action for employment discrimination under Title VII may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the

---

[1] The filing fees to proceed with a civil action in this court is $402.00, a $350.00 filing fee plus a $52.00 administrative fee.

alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision).

Plaintiff alleges that her claims against Bristol Myers arose in New Jersey where she was employed and where her accommodation request was considered and denied.[2] Because Plaintiff alleges that the discrimination took place outside this district, this district is not a proper venue for this action.

If a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff alleges that his claims arose in New Jersey, venue for this action lies in the United States District Court for the District of New Jersey. *See* § 2000e-5(f)(3). The Court therefore transfers this action in the interest of justice to the United States District Court for the District of New Jersey.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). A summons shall not issue from this court.

The Clerk of Court is further directed to return the payment of $404.00 to Plaintiff because she submitted an incorrect amount. Plaintiff may remit payment in the District of New Jersey, following the transfer of this action to that court.

---

[2] Plaintiff attaches to her complaint a letter from Bristol Myers' Human Resources department, located in Princeton, New Jersey.

This order closes this action in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 7, 2023
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge